FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

02 AUG -2 PM 2: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MABLE CLARK, et al., | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-01-N-0491-S |
| MEL MARTINEZ, Secretary for U.S. Department of Housing and Urban Development, | ] |
| Defendant(s). | ] |

ENTERED

AUG 0 2 2002

**Memorandum of Opinion**

## I.    Introduction

The court has for consideration the motion for summary judgment of the defendants, F. Rodney Lawler, Claude H. Wood, Jerry H. Wood, and H. Pat Wood, filed April 26, 2002. (Doc. # 47). The defendants contend that they are entitled to a judgment as a matter of law on the remaining claims alleged by the plaintiffs, Mable Clark and Odean Holston, as no genuine issue of material fact remains that would require resolution by a jury. As the plaintiffs are prosecuting this action *pro se*, the court on April 29, 2002, issued an order delineating the obligations and responsibilities they held as opponents to the defendants' motion for summary judgment. (Doc. # 49). On May 23, 2002, following the expiration of the time allotted for plaintiffs to respond to the motion, the court issued an order extending the time for response to June 3, 2002. (Doc. # 50). On June 3, 2002, Ms. Holston filed a hand-written motion for an extension of time to respond to the motion for summary judgment. (Doc. # 51). The court granted this motion on June 5, 2002, and extended the



time for response by 15 days. (Doc. # 52). The court has received no submission from either party since the June 5 order.

The court has reviewed the unopposed submissions of the defendants and the law applicable thereto, and upon due consideration, finds the motion due to be granted.

### II. Background

At the time of the commencement of this action, the plaintiffs were residents of the Bankhead Towers, a Birmingham, Alabama residential apartment complex whose rents are subsidized under the Section 8 housing assistance payments program of the United States Housing Act. *See* 42 U.S.C. § 1437f *et seq.*[1] The plaintiffs originally brought their action against Mel Martinez, Secretary of the Department of Housing and Urban Development ("HUD"), Bankhead Towers, Ltd., a Tennessee partnership with its principal place of business in Knoxville, Tennessee, and four individually named persons: F. Rodney Lawler, Claude N. Wood, Jerry H. Wood, and H. Pat Wood. As the jurisdictional basis for their claims, the plaintiffs cited the First, Fourth and Fourteenth amendments to the Constitution of the United States, as well as 42 U.S.C. §§ 1404, 1434, 1437, and 1441, and 42 U.S.C. §§ 1981, 1983.

On September 6, 2001, the court entered a memorandum opinion and order granting in part and denying in part a motion to dismiss filed by the defendants. (Doc. # 22). In ruling on this motion, the court construed the complaint in a light most favorable to the plaintiffs. The court found the complaint to allege numerous problems with the living

---

[1] Since that time, Ms. Clark apparently of her own volition ceased residing at Bankhead Towers on August 9, 2001. (*See* Aff. of Cindy Seward, ¶ 7).

conditions, management, and treatment of residents at the Bankhead Towers. *(See generally id.)*. The court also found the complaint to aver three claims: a failure on the part of defendants to maintain habitable living conditions at the Bankhead Towers; an infliction of tortious injury upon the plaintiffs through the defendants' disregard of the duties owed to them and other residents of the Bankhead Towers; and a deprivation of rights secured either by statute or by the Constitution of the United States.

The court dismissed the first two claims against all defendants. *(See id.)*. The court also dismissed the third claim against Secretary Martinez and HUD. The court did, however, permit the plaintiffs to proceed with a claim under the *Bivens* theory of constitutional torts against Bankhead Towers, Ltd., and Messrs. Lawler and Wood. *(See id.; see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971)). On December 14, 2001, the court revisited this decision and dismissed the remaining claims against the corporate defendants, in light of the United State Supreme Court's then recent expression in *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001). (Doc. # 46). This action left only the claims against the private individual defendants – those who now move for summary judgment – pending in this action.

### III.    Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also DeJulio v. Georgia*, 276 F.3d 1244, 1248 (11th Cir. 2001). The party asking for summary

3

judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted); *see also Comer v. City of Palm Bay*, 265 F.3d 1186, 1192 (11th Cir. 2001); *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Once the moving party has met this burden, "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *see also Comer, supra.*

The court must grant a motion for summary judgment if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.*

at 249 (citations omitted); *accord Dzikowski v. NASD Regulation, Inc. (In re Scanlon)*, 239 F.3d 1195, 1198 (11th Cir. 2001); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). In rendering its decision, "[a] court 'must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 826-27 (11th Cir. 2000) (quoting *Reeves*, 530 U.S. at 150); *see also Comer, supra*. However, even while this court views "factual inferences favorably toward the nonmoving party and [provides] pro se complaints . . . a liberal interpretation . . ., a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to [her] case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### IV.  Discussion

As the defendants correctly note, the remaining claims against them involve alleged violations of the plaintiffs' First Amendment rights and alleged violations of plaintiffs' statutory rights through the unlawful collection of late fees. The defendants challenge the applicability of *Bivens* to them, claiming that such an avenue of relief is unavailable in the present case. The defendants also contend that the plaintiffs have failed to submit any evidence of either a violation of their First Amendment rights or a violation of any statutory rights. The court declines to reach the former issue, as the latter unequivocally dictates the outcome of this case.

In their complaint, the plaintiffs alleged that "[o]ppression and terrorism are the main components of insuring management. Freedom of expression is a forbidden right in

Bankhead Towers. To even attempt to exercise the right thereof is to receive a look of reprimand, a Late Charge Notice, or eviction." (Doc. # 1). Despite these allegations, the plaintiffs have failed to come forward with any evidence to support them. The record is devoid of any evidence that the plaintiffs suffered the injuries alleged; indeed the record is devoid of any evidence of these injuries, let alone evidence linking the injuries to the exercise of First Amendment rights.

Similarly, the plaintiffs have not come forward with any evidence supporting their claims of unlawful collection of late fees. The only evidence in the record even remotely related to this claim is an apparent late-rent notice Ms. Holston received (and submitted as part of her complaint). This notice contains no mention of fees, and Ms. Holston has not explained how this notice equates to evidence of unlawful fee collection practices on the part of the defendants. As noted *supra*, the plaintiffs do not escape the essential burden under summary judgment standards simply because they proceed pro se. The court has been especially accommodating to the plaintiffs in this action, extending the time for response on several occasions. But the plaintiffs have exhausted the court's grace. In the absence of any evidence in support of their claims, the court finds the defendants' motion for summary judgment due to be **GRANTED**.

### V.     Conclusion

The court will enter an appropriate order in conformity with this memorandum of opinion.

6

Done, this \_\_\_\_\_1st\_\_\_\_ of August, 2002.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE